# NO. 12-19-00347-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARITY IRVIN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

A jury found Charity Irvin "guilty" of possession of less than one gram of methamphetamine, and she appealed, raising three issues. In response to Appellant's third issue on original submission, we held that a portion of the court costs labeled "time payment" fee was unconstitutional and modified the trial court's judgment to delete the erroneously assessed costs. *See Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7–8 (Tex. App.–Tyler, Sept. 9, 2020) (mem. op, not designated for publication). We affirmed the remainder of the trial court's judgment as modified. *Id.* The State and Appellant filed petitions for review. On May 12, 2021, the court of criminal appeals issued a per curiam opinion, in which it refused both parties' petitions for review but granted review on its own motion on the issue of whether the "time payment" fee should be struck as prematurely assessed in light of the court's opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021). *See Irvin v. State*, No. PD-0959-20, 2021 WL 1940593, at *1 (Tex. Crim. App. May 12, 2021) (per curiam). In reliance on its opinion in *Dulin*, the court vacated our judgment and remanded the cause to this court for further consideration. *See id.* We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded "not guilty." The matter proceeded to a jury trial. At the trial's conclusion, the jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for twenty-four months. The trial court sentenced Appellant accordingly, and this appeal followed.

## TIME PAYMENT FEE

In her sole issue on remand, Appellant argues that the trial court erred in assessing an unconstitutional "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgment.[1]

In **Dulin**, the court of criminal appeals held that the pendency of an appeal "stops the clock" for the purposes of the time payment fee. **Dulin**, 620 S.W.3d at 133. Consequently, any assessment of the time payment fee in Appellant's case would be premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that she owes. **Id.**

The trial court's judgment sets forth that Appellant is obligated to pay court costs in the amount of $289.00. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $289.00. The certified bill of costs itemizes the court costs imposed, which total $289.00 with a $289.00 balance remaining. Underneath the chart describing each fee assessed is a statement that a $25.00 time payment fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX.

---

[1] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." See Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. **Id.** § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See* **Ovalle v. State**, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020), *judgment vacated on other grounds*, **Ovalle v. State**, No. PD-0127-20, 2021 WL 1938672, at *1 (Tex. Crim. App. May 12, 2021) (per curiam).

CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).  However, neither the chart in the bill of costs setting forth the costs assessed nor the $25.00 additional time payment fee referenced in the statement below the chart indicates that a time payment fee has, in fact, been assessed.  Therefore, because the record does not support that a time payment fee was assessed in this case, Appellant's argument, even in light of the court's opinion in *Dulin*, is baseless.  Appellant's sole issue on remand is overruled.

## DISPOSITION

Having overruled Appellant's sole issue on remand, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-19-00347-CR**

**CHARITY IRVIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1520-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*